UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROCKY WISNESKI, et al.,

        Plaintiffs,

  v.                                    Case No. 03-C-1488

INDUSTRIES PHL, INC., et al.,

        Defendants.

**ORDER**

This case, which is before the court on diversity jurisdiction, *see* 28 U.S.C. § 1332, arises out of injuries suffered by Plaintiff Rocky Wisneski while operating logging equipment. The amended complaint alleges that Defendants Industries PHL, Inc., and Autolog Production Management, Inc., negligently designed, manufactured, distributed, and sold the equipment, and that Defendant PLC USA, Inc., negligently installed the equipment.[1] The defendants all answered denying liability and PHL asserted a cross claim for contribution/indemnification against Autolog and PLC.

On April 18, 2005, PLC moved for summary judgment on plaintiffs' claims (Docket #45). PLC bases its motion on plaintiffs' answer to a contention interrogatory, wherein plaintiffs indicated that they do not contend that PLC is liable to either Rocky or Ada Wisneski.[2] (PLC's PFOF ¶ 1.)

---

[1] The amended complaint also includes counts for strict liability and loss of consortium.

[2] The third plaintiff, AmComp Assurance Corp., is a worker's compensation insurer and is a party to the case solely to maintain its right to reimbursement pursuant to Wis. Stat. § 102.29(1).

Plaintiffs have not indicated that they oppose PLC's motion. The court will therefore grant PLC's motion for summary judgment.

On April 19, 2005, PLC moved for leave to file a supplemental motion for summary judgment on the cross-claims asserted by PHL (Docket #47). PLC moved for leave to file because the Scheduling Order of August 18, 2004, required the parties to file all dispositive motions on or before April 18, 2005. PLC argues that leave to file should be granted because its motion for summary judgment is based on PHL's expert disclosures, which PLC did not receive until April 19. While PHL has not indicated any opposition to the motion for leave to file, Autolog has filed two briefs in which it argues that determination of the supplemental motion for summary judgment should be stayed until discovery can be conducted to determine the extent of PLC's involvement in the design and installation of the catwalks, handrails and stairs on the equipment in question. Autolog does not indicate any opposition to the filing of the motion.

In light of PLC's late receipt of the expert disclosures, the court finds that PLC has shown good cause for modification of the Scheduling Order. *See* Fed. R. Civ. P. 16(b). Accordingly, PLC is granted leave to file a motion for summary judgment against PHL. The motion shall be filed within fourteen days of this Order. Parties opposing the motion for summary judgment shall file their briefs in opposition within thirty days of the filing of the motion.[3] PLC shall file a reply brief

---

[3] Neither of the cases cited by PLC in support of its contention that Autolog lacks standing to file a response to the motion for summary judgment is on point. *Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, 5 F. Supp.2d 1246 (D. Utah 1998), dealt with the operation of a statute creating a cross-claim for apportionment in Utah's comparative liability scheme. *Neal v. Gannon*, 54 F.R.D. 183 (E.D. Pa. 1972), addressed the question of whether a court may enter judgment for one co-defendant against the other in the absence of a cross-claim.

within fifteen days of the last response. Autolog's contention that the motion should be stayed will be addressed once the motion is filed.

**IT IS THEREFORE ORDERED** that PLC's motion for summary judgment (Docket #45) is hereby **GRANTED.**

**IT IS ALSO ORDERED** that PLC's motion for leave to file a supplemental motion for summary judgment (Docket #47) is **GRANTED.**

Dated this  27th  day of May, 2005.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

3

Case 1:03-cv-01488-WCG    Filed 05/27/05   Page 3 of 3   Document 67