UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROCKY G. WISNESKI, ADA M. WISNESKI
and AMCOMP ASSURANCE CORP.,

          Plaintiffs,

     v.                                                   Case No. 03-C-1488

INDUSTRIES PHL, INC., AUTOLOG
PRODUCTION MANAGEMENT, INC.,
and PLC USA, INC.,

          Defendants.

**ORDER**

This case arises out of an accident that occurred on January 17, 2002. Plaintiff Rocky G. Wisneski was working as a stacker/operator on the Greenline Equipment for Wolf River Lumber, Inc., (Wolf River). According to the Amended Complaint, the equipment was manufactured and designed by defendants Industries PHL, Inc. (PHL) and Autolog Production Managment, Inc. (Autolog). Defendant PLC USA, Inc., (PLC) is alleged to have installed the equipment. Wisneski was injured when he fell from the top of the machine when attempting to restart it after it had shut down. While Wisneski was on top of the machine, a co-employee restarted the machine, causing him to lose his balance, fall approximately twenty feet and sustain injuries.

The case is presently before me on defendant PLC's motion for summary judgment on a cross-claim filed against it by defendant PHL. PLC has already obtained summary judgment on the plaintiff's principal claim based on the plaintiff's concession that there was no evidence upon which

it could be found liable. (docket # 67.) PLC now seeks summary judgment on the same grounds as to PHL's cross claim for contribution. Although PHL sought to delay its response until discovery was complete, the court denied its request, noting that PHL could argue in its response that the motion should not be granted because PHL was unable to present facts supporting its opposition and explain why. (docket # 78.) PHL apparently elected not to respond and the time for it to do so has expired.

Autolog likewise requested the court to delay its ruling on PLC's motion until discovery was complete. But Autolog has asserted no claim against PLC, and PLC has requested no relief against Autolog. Autolog has also failed to explain why PLC should remain in the case and defend itself in a lawsuit where no evidence in support of the claims against it have surfaced and no party has suggested why more time is needed. The court's initial scheduling conference was held on August 18, 2004, and at that time the court set April 18, 2005, as the deadline for dispositive motions. Neither the plaintiff nor any of the co-defendants have offered any evidence that PLC was negligent or is otherwise liable to any party with respect to the injuries sustained by the plaintiff. At most, Autolog suggests the someone might say so later. This is not enough. Under these circumstances, I conclude PLC's motion is ripe for decision.

PCL asserts in its proposed findings of fact that it was "not negligent in the installation of the Greenline Equipment," it did nothing that contributed to Mr. Wisneski's accident," and that "there is no evidence in the record that supports a finding that PLC is liable to any party for Plaintiff's injuries." (PFOF ¶¶ 5-7.) No response has been filed by any party, and I must therefore conclude that "there is no genuine material issue as to any proposed finding of fact." L.R. Civil 56.2(e). Accepting these facts as true, it follows that PLC is entitled to judgment on PHL's cross
2

claim as a matter of law. Accordingly, PLC's motion for summary judgment is granted and PHL's cross-claim is hereby ordered dismissed.

**SO ORDERED**.

Dated this   1st   day of September, 2005.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge